CENTRAL IGUALDAD, Appellant, *v.* REGISTRAR OF PROPERTY OF MAYAGÜEZ, Respondent.

No. 703. Submitted January 16, 1928.—Decided January 19, 1928.

*Nazario & García Méndez* for the appellant. The registrar appeared by brief.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

On November 8, 1927, appeared before a notary Enriqueta Goyco y Vidal, in her own right and as attorney in fact of her daughter Gracia María Arraras, Sinforosa Pesante, José Enrique Arraras and Manuel García de Quevedo, as attorney in fact of Violeta Enriqueta Arraras, of the first part, and Central Igualdad Inc., represented by Arturo Gigante, of the second part, and executed a contract of mortgage and lease of certain rural properties.

The contract was presented in the registry and admitted to record as regards the mortgage, but its record was denied as to the lease of the joint interests of María Gracia and Violeta Enriqueta Arraras on the ground that their attorneys in fact had no power to execute such a lease. Record was also denied as to the property of Mrs. Pesante because it appeared to be recorded in the name of another person.

The Central Igualdad Inc. was not satisfied with the decision of the registrar in regard to the lease of the joint interests and took the present appeal.

This is a case of a lease for ten years and the registrar based his refusal on the provisions of section 1451 of the Revised Civil Code which reads:

"The husband can not give in lease the property of the wife, the father and guardian, that of the son and minor, and the administrator of property, not having a special power, for a period exceeding six years."

The whole question in this case turns on what is understood by the words "special power."

The powers of attorney were exhibited with the contract of mortgage and lease. Both confer very broad powers which embrace perhaps all transactions that may be made by one person in representation of another and both contain the following clause:

"Empowering him to take either physical or symbolical posses-

sion of their present properties, whether real or personal, and of any property acquired in any way in the future, and to manage them with the exercise of all powers pertaining to a general manager, including the execution, performance, modification, extension or rescission of lease contracts for any period of time over 'or under six years, . . . . ''

The registrar maintains that that power does not comply with the requirements of section 1451 of the Revised Civil Code because it is not special. We do not agree. The wording of that clause might have been more perfect, but it is sufficient as it is.

Manresa, commenting on section 1548 of the old Civil Code, equivalent to section 1451 of the Revised Code, says:

"An agent who contracts in the name of his principal does so by virtue of a mandate. Section 1548 requires a special power to execute leases for more than six years; by the words 'special power' the Code means a power whereby he is expressly authorized to execute that act.''

There is no room for any other construction. To require the execution of a separate instrument to be confined only to a certain act in order that a special power could be considered as constituted would be to complicate transactions among men without necessarily gaining thereby in certainty and security. What was required by the legislators in said section 1451 of the Civil Code was that the principal should confer the power in an express, definite and *special* manner. It is immaterial whether the power is given in a separate instrument or in one of the clauses of an instrument conferring other powers.

The case of *Bernal Estate* v. *Registrar of Ponce,* 13 P. R.R. 100, cited by the registrar in his brief, is different. There the agent leased for ten years a property belonging to his principal who had authorized him to lease his property "for the time, price, and under the conditions he might deem proper.'' The registrar refused to record the contract on the ground, among others, that the principal had not

586

conferred upon his agent the special power required by section 1451 of the Civil Code and this court affirmed the decision of the registrar on his own grounds.

As may be seen, the agency could only be construed as general in view of the way in which the power was worded. The principal did not make an *express* and *special* reference to leases for more than six years, and therefore the agent was not empowered to execute that kind of contracts.

Galindo and Escosura, in vol. 2, p. 117, of their Commentaries on the Mortgage Law, referring to the Decisions of the General Directorate of Registries of November 28, 1878, July 19, 1879, and March 20, 1899, say:

"According to section 1712 the power may be general or special, and according to section 1713 an agency conferred in general terms only includes acts of administration, and an express agency is required to compromise, alienate, mortgage, or execute any other act of strict ownership."

Manresa, commenting on sections 1712 and 1713 of the old Civil Code, equivalent to sections 1614 and 1615 of the Revised Civil Code, says:

"The difference in the wording of the second paragraph of section 1712 and the first of section 1713 is not to be overlooked. The former speaks of *general agency,* and the latter refers to agency stated in general terms.

"Generally no discrimination is made between them, but it may happen that a general agency authorizes alienation; hence the true and substantial difference between the two agencies will not depend on the number of acts or businesses delegated to the agent, but on the nature of the juridical acts that he may execute.

"The disparity in the wording of the two texts raises in our positive law the same difficulty of rational exegesis raised in the French law, and in general in regard to all Codes derived therefrom, as to whether the terms of the difference established in the first correspond to those of the second: that is, whether the general agency corresponds to the *agency stated in general terms,* and the special agency to the *express agency.*"

What was required by the legislators in connection with

the contract of lease for more than six years in section 1451 of the Revised Civil Code can be no more than was required by section 1615 of the same Code regarding compromise, alienation, mortgage or execution of any other act of strict ownership. Thus express power and special power are the same thing, the general power becoming "a cluster of special powers," according to the phrase of commentator Sancho Tello, cited by the appellant in his brief, when it expressly authorizes also the performance of acts requiring special or express powers.

The decision is reversed in the part appealed from and the record ordered.